986 F.2d 1415
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
James R. BRICE, a/k/a Roy Briyce, a/k/a Roy James Brice,
a/k/a Blocker, a/k/a James R. Bryce, Defendant-Appellant.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Errol Naaman Dias, a/k/a Aaron Dias, Defendant-Appellant.
 Nos. 92-5291, 92-5293.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: February 1, 1993
Decided: March 3, 1993
 
 Appeals from the United States District Court for the Middle District of North Carolina, at Winston-Salem. William L. Osteen, Sr., District Judge. (CR-91-230-WS)
 Daniel S. Johnson, Donald K. Tisdale, Winston-Salem, North Carolina, for Appellants.
 Robert H. Edmunds, Jr., United States Attorney, Robert M. Hamilton, Assistant United States Attorney, Greensboro, North Carolina, for Appellees.
 M.D.N.C.
 AFFIRMED.
 Before HALL and PHILLIPS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 OPINION
 
 1
 James R. Brice and Errol N. Dias were convicted by jury trial for participating in a conspiracy to distribute crack cocaine, for which they are serving terms of 130 months and 120 months imprisonment respectively. They appealed and their attorneys jointly filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967). Finding no error, we affirm.
 
 
 2
 The only argument submitted in the brief with respect to Brice was that he could arguably be entitled to a reduction in offense level based on his minimal or minor participation in criminal activity. United States Sentencing Commission, Guidelines Manual, § 3B1.2 (Nov. 1991). To receive this reduction in offense level, Brice had the burden to prove by a preponderance of the evidence that he is less culpable than other members of the conspiracy to such a degree that a distinction should be made at sentencing between him and the other participants. United States v. Gordon, 895 F.2d 932, 935 (4th Cir.), cert. denied, 59 U.S.L.W. 3247 (U.S. 1990). The district court found that Brice participated in bagging cocaine, collecting funds, and transmitting orders from street dealers for cocaine. The record fully supports these findings. Brice's activity is not consistent with the kind of minimal participation qualifying for mitigation under the Sentencing Guidelines.
 
 
 3
 Dias, through counsel, objects to the denial of his Motion for Acquittal. Viewing the evidence in a light most favorable to the government, there was sufficient evidence from which members of the jury could reasonably decide that Dias was guilty beyond a reasonable doubt. See United States v. Stockton, 788 F.2d 210, 218 (4th Cir.), cert. denied, 479 U.S. 840 (1986). Dias was seen by law enforcement officers near an area of a residence where a substantial quantity of cocaine was hidden shortly before the search warrant was executed. A co-conspirator testified that Dias hid the cocaine in the area where it was ultimately found, and that Dias had on one occasion helped bag and package cocaine. Plastic bags with cocaine residue were found lying on a coffee table near where Dias slept. Although the evidence did not exclude every reasonable hypothesis except that of guilt, the evidence was sufficient to support the denial of Dias's Motion. See United States v. Lincoln, 630 F.2d 1313, 1316-17 (8th Cir. 1980).
 
 
 4
 The Defendants' attorneys raised no other issues, and Defendants did not file supplemental briefs, though the Court informed them of their right to do so. In accordance with Anders, we have examined the entire record in this case and find no other meritorious issues for appeal.
 
 
 5
 Pursuant to the plan adopted by the Fourth Circuit Judicial Counsel in implementation of the Criminal Justice Act of 1964, 18 U.S.C. § 3006A (West Supp. 1992), this Court requires that counsel inform their clients, in writing of their rights to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari.*
 
 
 6
 We affirm the decision of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 *We grant Dias's pro se Motion for Leave to Proceed on Appeal and deny his Motion for Substitution of Counsel.